UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Curves International, Inc.,**

                                **Plaintiff,**

                    -v-                          5:11-CV-426 (NAM/ATB)

**Nancy S. Cleveland,**

                                **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Chronakis, Siachos LLC
Peter G. Siachos, Esq., of counsel
Philip C. Chronakis, Esq., of counsel
Suite 304
50 Harrison Street
Hoboken, New Jersey 07030
Attorneys for Plaintiff

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

After obtaining a Clerk's Entry of Default (Dkt. No. 7), plaintiff moved for default judgment against Nancy S. Cleveland and NV Fitness (Dkt. No. 8). This Court issued an order (Dkt. No. 11) denying the motion without prejudice on the ground that the factual allegations of the complaint were insufficient to support the legal conclusion that defendants were liable on plaintiff's claim. The Court stated:

> A party's default is deemed to constitute an admission of all well-pleaded allegations. *See Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981). It is for the Court, however, to determine whether such allegations support the legal conclusion that a defaulting defendant is liable on the plaintiff's claim. *See id.* In the instant action, the complaint, verified by Jeff Burchfield, Curves' Assistant General Counsel, does not set forth facts from which the Court can conclude that defendants abandoned the franchise agreement as defined in section 18A thereof or were otherwise in breach. The

> complaint merely alleges in paragraph 30: "On September 22, 2010, Curves sent [defendant Nancy S.] Cleveland correspondence ... acknowledging the termination of Cleveland's interests and rights under the Franchise Agreement as a result of certain violations of the Franchise Agreement, including but not limited to the abandonment of the franchise." Absent factual allegations supporting the conclusion that Curves had a proper legal basis to terminate defendants' interests and rights under the agreement, the Court cannot properly hold that defendants are liable on Curves' claims, nor can the Court calculate the amount of money damages, if any, to which Curves is entitled.

The Court denied the motion for default judgment without prejudice. Subsequently, plaintiff voluntarily dismissed the complaint against NV Fitness (Dkt. No. 12).

Plaintiff now renews its motion for default judgment (Dkt. No. 13). Plaintiff has filed a certificate of service on Nancy S. Cleveland (Dkt. No. 14); she has not responded.

On its renewed motion, plaintiff wholly fails to comply with the Court's direction that it present factual allegations that would enable the Court to reach the legal conclusion that plaintiff properly terminated the franchise agreement by way of the September 22, 2010 letter. Where, as here, a defendant defaults in pleading, the Court treats all well-pleaded allegations in the complaint as true. It is for the Court to decide, however, "'whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *Jemine v. Dennis*, 2012 WL 4482769, *3 (E.D.N.Y. Sept. 28, 2012) (quoting *Leider v. Ralfe*, 2004 WL 1773330, *7 (S.D.N.Y. Jul. 30, 2004)); *accord Au Bon Pain*, 653 F.2d at 65 (stating that, although the Court must accept as true all of the factual allegations of the complaint, it "need not agree that the alleged facts constitute a valid cause of action"). In the instant case, the only fact pleaded in the complaint regarding defendant's pre-termination violation of the Franchise Agreement is that "Curves sent Cleveland correspondence ('the September 22, 2010 Letter') acknowledging the termination of [her] interests and rights under the Franchise

Agreement as a result of certain violations of the Franchise Agreement, including but not limited to the abandonment of the franchise."  The factual allegation that plaintiff sent such a letter is insufficient to enable the Court to conclude that plaintiff had a legal basis for sending such a letter, or that defendant in fact abandoned or otherwise violated the franchise.  Plaintiff has not supplemented its application with additional facts as required to make out a cognizable cause of action.  Thus, the Court cannot properly hold that defendants are liable on Curves' claims, nor can the Court determine whether and to what extent plaintiff sustained damages proximately caused by defendant's wrongful conduct.  The motion (Dkt. No. 13) for default judgment is denied.

The Court gives plaintiff one more opportunity to make a proper motion; thus, the denial is without prejudice.  The Court does not reach the question of damages or attorneys fees.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 13) for a default judgment is denied without prejudice.

IT IS SO ORDERED.

Date:   January 17, 2013
        Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge